

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-76,539-02, WR-76,539-03

### EX PARTE BRANDON JAVON PAYNE, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 1236358-A & 1236359-A IN THE 230TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to thirty years' imprisonment in both cause numbers in one proceeding. He did not appeal his convictions.

Applicant contends that his plea was involuntary because he was inproperly informed that he retained the right to appeal and he would not have pleaded guilty had he known that he could not appeal the sentences. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294

(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court may also order depositions, interrogatories or a hearing. It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

Applicant challenged a companion case which was denied without written order by this Court on April 13, 2012. *Ex parte Payne*, WR-76,539-01 (Tex. Crim. App. April 13, 2012). During that proceeding, trial counsel filed two affidavits to respond to Applicant's claim that he was ineffective because he improperly informed Applicant of his right to appeal and failed to file a notice of appeal. Counsel's affidavits, which are included in these writ records, state that he did inform Applicant that he had a right to appeal, but that Applicant never informed counsel that he wished to appeal. Those statements were not addressed in the findings of fact signed by the trial court in these applications. If Applicant did not inform counsel that he wished to appeal when he believed he had the right to do so, that contradicts his allegation in these applications that he would not have pleaded guilty had he known he would not have the right to appeal.

The trial court shall make supplemental findings of fact and conclusions of law regarding Applicant's failure to inform counsel that he wished to appeal and how that affects his claim that he would not have pleaded guilty had he known he did not have the right to appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed:          March 27, 2019
Do not publish